NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| EDWARD BRENNAN, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-CV-00329 (DMC) |
| | : | |
| ELIZABETH BOARD OF | : | |
| EDUCATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Edward Brennan ("Plaintiff")

to disqualify Zulima Farber, Esq. and Lowenstein Sandler PC ("Lowenstein") from representing

Defendants Elizabeth Board of Education ("Board"), a body corporate in the County of Union;

Francisco Gonzalez, individually and in his representative capacity as a member of the Elizabeth

Board of Education; Pablo Munoz, individually and in his representative capacity as Superintendent

of Schools of the Elizabeth School District; Rafael Fajardo, individually and in his representative

capacity as the president of the Elizabeth Board of Education; Armando DaSilva, individually and

in his representative capacity as a member of the Elizabeth Board of Education; Tony Monteiro,

individually and in his representative capacity as a member of the Elizabeth Board of Education and

as Treasurer of Continue the Progress Team; Carlos Cedeno,  individually and in his representative

capacity as a member of the Elizabeth Board of Education; Joseph Galego, a supervisor employed

by and said Elizabeth Board of Education; Elizabeth Education Association, a labor organization;

Rose Carreto,  individually and in his representative capacity as a President of the Elizabeth

Education Association; John Does 1-100, being fictitious names of as yet unidentified agents,

servants, employees, members or representatives of the Elizabeth Board of Education; Michael Roes

1-100, being fictitious names of as yet unidentified agents, servants, employees or representatives

of the Elizabeth Education Association; Christian Fellowship Church, a religious organization

claiming Federal tax exemption; Pastor Raul Burgos, individual and in his representative capacity

as Pastor of Christian Fellowship Church and member of Elizabeth Board of Education; Harry Roes

1-100 (being fictitious names of as yet unidentified agents, servants, employees, members or

representatives of Christian Fellowship Church); Continue The Progress Team, a political action

committee (collectively "Defendants"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard.

After carefully considering the submissions of the parties, and based upon the following, it is the

finding of this Court that Plaintiff's motion to disqualify Defendants' attorneys of record is **denied**.

I.    **BACKGROUND**

Plaintiff moved to disqualify Ms. Farber and Lowenstein as attorneys of record

representing Defendants on the grounds that their continued representation of Defendants would

constitute a violation of Rule of Professional Conduct ("RPC") 1.11 and N.J.S.A. 52:13D-17.

Ms. Farber has been a member of the Lowenstein law firm since 1981. In October 2007,

Lowenstein was appointed special counsel to the Board. From January 30, 2006 to August 31,

2006, Ms. Farber was the New Jersey Attorney General. Plaintiff claims that during that time,

the New Jersey Attorney General's Office was conducting an investigation into allegations of

unethical political campaign contributions, misuse of public funding and other misconduct by the

Board. Ms. Farber states in her affidavit that the investigation did not come to her attention

during her tenure as Attorney General and that she first learned of it from Plaintiffs' allegations

relating to their motion.  Furthermore, Defendant claims that the Attorney General's day-to-day activities did not include direct oversight of or personal involvement in the thousands of investigations being conducted by the ten divisions in her office.

Plaintiff requests that Ms. Farber and Lowenstein be disqualified permanently from representing Defendants in any of these matters pursuant to N.J.S.A. § 52:13D-17 and RPC 1.11.

## II.    STANDARD OF REVIEW

State officers must not represent any person "whether by himself or through any partnership, firm or corporation in which he has an interest . . . or other matter with respect to which such State officer or employee . . . shall have made any investigation, rendered any ruling, given any opinion, or been otherwise substantially and directly involved at any time during the course of his office or employment."  N.J.S.A. § 52:13D-17.  Similarly, a former government lawyer or employee "shall not represent a private client in connection with a matter: (1) in which the lawyer participated personally and substantially as a public officer or employee; or (2) for which the lawyer had substantial responsibility as a public officer or employee . . . ."  N.J. RPC 1.11.

The New Jersey Supreme Court Advisory Committee on Professional Ethics ("Ethics Advisory Committee") has explained that "for sub-part 1 of RPC 1.11(a) to apply [to disqualify a former government attorney], the attorney's personal participation in the matter in question must have been substantial . . . .[I]f the attorney had any occasion to review the file or discuss it for any purpose including the assessment or consideration of its substance or weight for the purpose of assigning it to subordinates - that would be substantial participation." Ethics Opinion No. 614 (1988).

**III.**     DISCUSSION

        A.     <u>The Court Strikes Mr. Rinaldo's Affidavit in Support of Plaintiff's Motion</u>
<u>Because it Contains Legal Arguments and Assertions Beyond the Affiant's</u>
<u>Personal Knowledge, in Violation of Local Civil Rule 7.2</u>

The Court strikes Rinaldo's affidavit pursuant to Local Civil Rule 7.2.  The rule states, in pertinent part, that affidavits "be restricted to statements of fact within the personal knowledge of the affiant.  Arguments of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both."

In this case, nearly all of Rinaldo's substantive paragraphs offers information beyond Rinaldo's knowledge or, more frequently, argues Plaintiff's own version of the facts.  Rinaldo offers his opinion in the first person: "I find it not only unlikely but improbable, even inconceivable . . . [and] unfathomable that Ms. Farber could not have any information about the investigation's activities. . . ." (Rinaldo Affidavit ¶ 6.)  He makes legal arguments: "[T]he mere appearance of impropriety that this has will have a shock effect on the public and negative implications on the legal system."  (<u>Id.</u> ¶ 7.)  He offers editorial characterizations of an exhibit and speculates on the interests of a defendant, rather than letting the document speak for itself. (<u>See</u> <u>id.</u> ¶ 8.)  He also makes assertions about Ms. Farber's knowledge of the alleged investigation without providing a factual basis or admitting that his assertion is nothing more than his personal belief. (<u>See</u> <u>id.</u> ¶ 4.)  Therefore, this Court strikes Rinaldo's affidavit pursuant to Local Civil Rule 7.2.

B.      Plaintiff's Motion to Disqualify Zulima Farber is Denied Because he has not
        Shown that She Had Substantial Responsibility for Any Matter Relating to This
        Litigation While She Served as Attorney General and Because the New Jersey
        Supreme Court Eliminated the "Appearance of Impropriety" Doctrine

        1.      Plaintiff's Motion to Disqualify Zulima Farber Is Denied Because He Has
                Not Shown That She Had Substantial Responsibility For Any Matter
                Relating to This Litigation While She Served as Attorney General

Plaintiff moves to disqualify Ms. Farber from representing Defendants because she had, in

her role as Attorney General, ultimate responsibility for all matters handled by the Office of the

Attorney General, including the investigation involving Defendants.

As noted above, the Ethics Advisory Committee and the New Jersey Supreme Court have

interpreted the phrase "substantial responsibility" in RPC 1.11(a)(2) "as not including bare

'overall' or 'ultimate' responsibility.  It must be something more . . . such as making a decision

with respect to a matter of substance."  Ethics Opinion No. 614 (1988).  In Ross v. Canino, the

New Jersey Supreme Court acknowledged that the Attorney General had "overall responsibility"

for the activities implicated in the case, but determined that, given the sheer number of divisions,

commissions and boards, and employees the Attorney General oversaw, "[i]t would impute too

much to attribute to the Attorney General specific knowledge of everything that happened within

the Department during this term of office."  93 N.J. 402, 408-09 (1983).  In other words, "the

ultimate responsibility of [the] former Attorney General . . . [was] not tantamount to substantial

responsibility."  Id. at 409.

In Ethics Opinion No. 569 (1985), the Ethics Advisory Committee specifically considered

an inquiry from a former Deputy Attorney General ("DAG") who had represented professional

licensing boards while working at the Department of Law and Public Safety, Division of

5

Consumer Affairs.  The attorney asked the Committee "whether he may properly represent a

licensee who faces possible disciplinary action by a licensing board as the result of an

investigation which began while [he] was employed by the State but of which he had no

knowledge."  The Commission noted that the former DAG "had no connection whatever" to the

investigation; the "sole nexus" between the former DAG and the investigation was that the

investigation had been started while he represented the licensing board.  The Committee therefore

concluded that no conflict existed because the former DAG had no "actual or supervisory

involvement whatever with the investigation he now wishes to contest as a private attorney."

Therefore, only the now-defunct "appearance of impropriety" basis for disqualification was

implicated and because the former DAG had been in private practice for more than six months,

the representation was allowed.

     In the current case, Ms. Farber was not personally or substantially involved in, nor had any

knowledge of any investigation or other matter relating to this litigation during her service as

Attorney General.  According to Ms. Farber's affidavit, Assistant Attorney General B. Stephan

Finkel has informed Plaintiff that relevant attorneys had "no personal contact with attorney

General Farber regarding this matter" and that "no documents in the file . . . appear to have been

generated by former Attorney General Farber."  Neither RPC 1.11(a)(1) nor N.J.S.A. § 52:13D-17

provides a basis for disqualifying Ms. Farber from representing Defendants.

6

2.  Plaintiff's Motion to Disqualify Zulima Farber is Denied Because the New Jersey Supreme Court Eliminated the "Appearance of Impropriety" Doctrine

Plaintiff argues that Ms. Farber should be disqualified based on the "appearance of impropriety" doctrine.

The Supreme Court's *ad hoc* Commission on the Rules of Professional Conduct (the "Pollock Commission") specifically and expressly recommended deleting the "appearance of impropriety" doctrine wherever it appeared. Before the 2004 amendment to RPC 1.11, the rule had prohibited a lawyer from representing a client "in connection with a matter that relates to the lawyer's former employment as a public officer or employee" if "[a]n appearance of impropriety" could result. See Keven H. Michels, New Jersey Attorney Ethics (GANN, 2007), Appendix A1 at RPC 1.11 (1984). The Pollock Commission's report, "echoing nearly 20 years of criticism of the doctrine, [had] recommended the deletion of all 'appearance of impropriety' language from the RPCs." Id. at § 18.1. The Commission had noted that the doctrine "is too vague to support discipline" and had been "subject to abuse by lawyers who invoke it to seek the disqualification of other lawyers." Id. The New Jersey Supreme Court concurred, removing the concept from both the rules' general provision on attorney conflicts, RPC 1.7 and from RPC 1.11, which governs here.

Both the New Jersey Supreme Court and the United States District Court for the District of New Jersey have recognized this change in the rules and have declined to apply appearance of impropriety as a basis for attorney disqualification. See Pallon v. Roggio, 2006 U.S. Dist. LEXIS 59881, *26 (D.N.J. Aug. 23, 2006); In re Supreme Court Advisory Comm. on Prof'l Ethics

7

Opinion No. 697, 188 N.J 549, 552 n.5 (2006) ("In re Opinion 697").  The Superior Court of New

Jersey, Appellate Division expressed the issue succinctly in a recent opinion, when it considered a

motion to disqualify a former Assistant Attorney General. The Court concluded, with respect to

RPC 1.11 and N.J.S.A. § 52:13D-17: "The statute and the rule neither expressly nor implicitly

incorporate an appearance of impropriety standard."  In re Middlesex County Prosecutor's Office

Investigation No. I-07-916, No. A-2711-07T4, at 6-7 (February 8, 2008).

        In In re Opinion 697, the New Jersey Supreme Court specifically held that "the appearance

of impropriety standard no longer retains any continued validity" as a basis for an ethics violation

or as a factor in determining whether a conflict exists where an attorney represents both a public

entity and a private client appearing before an instrumentality of that public entity. See 188 N.J. at

552-53.  In overturning an Ethics Advisory Committee opinion that had held that the traditional

*per se* bar to such simultaneous representations still existed, the Supreme Court noted that the bar

itself – first enunciated in a 1963 ethics opinion – was premised upon the "appearance of

impropriety" doctrine.  In 2004, when the Court eliminated the doctrine, it adopted a new rule,

RPC 1.8, that requires attorneys and courts to consider "whether there is an actual conflict of

interest" under the particular facts of each case.

        In sum, the New Jersey Supreme Court has expressly disapproved and eliminated the

"appearance of impropriety" doctrine – upon which Plaintiff rests virtually his entire argument for

Ms. Farber's disqualification – as a basis for attorney disqualification.  Therefore, Plaintiff's

motion to disqualify Ms. Farber is denied.

   C.  <u>Plaintiff's Motion to Disqualify Lowenstein is Denied Because Plaintiff Has Not</u>
       <u>Met His Burden to Prove Sufficient Basis to Disqualify Ms. Farber</u>

Plaintiff's sole basis for disqualifying Lowenstein is that Ms. Farber should be disqualified and that her disqualification should be imputed to the firm.  Plaintiff asserts no independent basis for the firm's disqualification.  Defendant argues that if this Court denies Plaintiff's motion to disqualify Ms. Farber, then it would follow that this Court should also deny Plaintiff's motion to disqualify Lowenstein.

As discussed above, neither N.J.S.A. § 52:13D-17 nor RPC 1.11 provides a basis for disqualifying Ms. Farber from representing Defendants.  In turn, Lowenstein is also not disqualified from representing Defendants.  Therefore, Plaintiff's motion to disqualify Lowenstein is denied.

**IV.**  **CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion to disqualify Ms. Farber and Lowenstein is **denied**.  An appropriate Order accompanies this Opinion.


                 S/ Dennis M. Cavanaugh
                 Dennis M. Cavanaugh, U.S.D.J.


Date:    March  19 , 2008
Orig.:    Clerk
cc:     All Counsel of Record
      Hon. Mark Falk, U.S.M.J.
      File

9